E-FILED; Wicomico Circuit Court
Docket: 1/25/2021 11:48 PM; Submission: 1/25/2021 11:48 PM

## IN THE CIRCUIT COURT FOR WICOMICO COUNTY

| | |
|---|---|
| AUDREY L. SHARPE<br>5702 Bethlehem Road<br>Preston, Maryland 21655 | \* |
| | \* |
| Plaintiff | \* |
| v. | \* |
| ROSS DRESS FOR LESS, INC.<br>t/a ROSS DRESS FOR LESS<br>8333 Central Avenue<br>Newark, CA 94560 | \* |
| **SERVE ON:**<br>Resident Agent:<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville-Timonium, MD 21093 | \* |
| and | \* |
| ROSS STORES, INC.<br>t/a ROSS DRESS FOR LESS<br>8333 Central Avenue<br>Newark, CA 94560 | \* |
| **SERVE ON:**<br>Resident Agent:<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville-Timonium, MD 21093 | \* |
| and | \* |
| VEREIT MT SALISBURY MD, LLC<br>2325 E. Camelback Road, Suite 1100<br>Phoenix, AZ 85016 | \* |
| **SERVE ON:**<br>Resident Agent:<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville-Timonium, MD 21093 | \* |
| and | |

Case No.:      C-22-CV-21-000030


EXHIBIT
A

CIM GROUP, L.P.                          *
4700 Wilshire Boulevard
Los Angeles, CA 90010                    *

**SERVE ON:**                            *
Resident Agent:
Paracorp Inc.                            *
245 West Chase Street
Baltimore, MD 21201                      *

     Defendants                         *

  *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT AND DEMAND FOR JURY TRIAL

     The Plaintiff Audrey L. Sharpe, by her attorneys Timothy M. Gunning, Wyatt & Gunning

LLC, hereby sues the Defendants Ross Dress For Less, Inc.; Ross Stores, Inc.; VEREIT MT

Salisbury MD, LLC; and CIM Group, L.P., on the grounds and in the amounts set forth below:

## PARTIES, JURISDICTION AND VENUE

     1.     Plaintiff Aurey L. Sharpe (hereinafter "Plaintiff") is a resident of Caroline County,

Maryland.

     2.     Defendant Ross Dress For Less, Inc., t/a Ross Dress For Less (hereinafter

"Defendant Ross Dress For Less, Inc."), is a Virginia corporation, with its principal office in

Newark, California, duly registered and in good standing to do business in Maryland.

     3.     Defendant Ross Stores, Inc., upon information and belief t/a Ross Dress For Less,

(hereinafter "Defendant Ross Stores, Inc.") is a California and/or Delaware corporation, with its

principal office located in Newark, California, and is not duly registered or in good standing to

do business in Maryland.

     4.     Defendant VEREIT MT Salisbury MD, LLC (hereinafter "Defendant VEREIT")

is a Delaware limited liability corporation, with its principal office located in Phoenix, Arizona,

duly registered and in good standing to do business in Maryland.

5.      Defendant CIM Group, L.P. (hereinafter "Defendant CIM Group") is a California limited partnership, with its principal office located in Los Angeles, California, duly registered and in good standing to do business in Maryland.

6.      The incident at issue in this case occurred in Wicomico County, Maryland.

7.      Jurisdiction in this Court is proper under Courts & Judicial Proceedings Article §6-102 and §6-103, Annotated Code of Maryland.

8.      Venue in this Court is proper under Courts & Judicial Proceedings Article §6-201 and §6-202, Annotated Code of Maryland.

### FACTS COMMON TO ALL COUNTS

9.      Plaintiff incorporates all preceding allegations of this Complaint as if set forth herein.

10.     On January 27, 2018, at approximately 8:45 p.m., Plaintiff was shopping with her son, daughter-in-law and two year old grandson at the Ross Dress For Less store located at 2649 N. Salisbury Blvd, Salisbury, Maryland, 21801.

11.     After Plaintiff's daughter-in-law purchased a few items at the cash register, Plaintiff walked toward the exit doors of the store, walking behind her son, daughter-in-law and grandson.

12.     Plaintiff's son exited the store first to go get the car.

13.     As Plaintiff's daughter-in-law walked through the exit door, a buzzer went off, causing Plaintiff's daughter-in-law to walk back toward the cashier, leaving her 2 year old son in the doorway of the exit from the store.

14.     As Plaintiff's grandson was standing in the doorway of the exit, in the path of the sliding glass doors, the doors began to close.

~ 3 ~

15.     Believing the doors were closing on her grandson, because he was too small for the door sensors to detect him, and concerned for his safety, Plaintiff moved toward her grandson to get him out of the path of the closing doors.

16.     As Plaintiff moved her grandson through the doorway, out of the path of the sliding doors, the doors shut forcefully against Plaintiff's body, pinning her between the two doors.

17.     Plaintiff remained pinned between the doors until one of the nearby cashiers came to assist her by manipulating the doors so that they opened, releasing Plaintiff from their grasp.

18.     As the cashier was opening the doors to release Plaintiff from their grasp, he remarked he did not know why the store management did not block the doors since they knew they were having problems with them earlier.

19.     Once Plaintiff was released from the grasp of the doors, with the assistance of the cashier as described above, she felt immediate pain in her neck and shoulders, especially her right shoulder.

20.     Plaintiff remarked she was in pain and the cashier advised her to file a claim with the store.

21.     Because the hour was late and her grandson needed to get to bed, Plaintiff decided to leave with her son and daughter-in-law, hoping that after the passage of time, a good night's sleep and some Advil, her pain would subside.

22.     Unfortunately, a few minutes down the road, her pain was quite substantial, and Plaintiff decided to call the store to speak with the manager.

23.     During the drive home Plaintiff spoke with the store manager on the telephone and told her what happened. The store manager was very apologetic, kept saying she was very

~ 4 ~

sorry about the doors closing on Plaintiff, stated she knew there was a problem with the doors

malfunctioning prior to them closing on Plaintiff as described above, and said several times she

was very thankful Plaintiff moved her grandson before the doors closed on him.

24.     As a direct and proximate result of the doors shutting forcefully against Plaintiff's

body, pinning her between the two doors, as described above, Plaintiff suffered serious and

permanent injuries and damages, described below.

25.     At all times relevant to this Complaint, Defendant Ross Dress For Less, Inc.

and/or Defendant Ross Stores, Inc. operated a retail discount department store known as Ross

Dress For Less, located at 2649 North Salisbury Boulevard, Salisbury, MD 21801, and leased,

owned, possessed, maintained, controlled, operated and/or managed the premises there

(hereinafter "The Premises).

26.     At all times relevant to this Complaint, Defendant VEREIT and/or Defendant

CIM Group owned, possessed, maintained, operated and/or managed The Premises, and leased

The Premises to Defendant Ross Dress For Less, Inc. and/or Defendant Ross Stores, Inc., and,

upon information and belief, retained right and control of The Premises.

27.     At all times relevant to this Complaint, the aforementioned cashier and manager

who assisted and spoke with Plaintiff on January 27, 2018, after the doors at the Ross Dress For

Less Store shut forcefully against Plaintiff's body, pinning her between the two doors, as

described above, were employees and/or agents, express or implied, of Defendant Ross Dress

For Less, Inc. and/or Defendant Ross Stores, Inc., acting within the scope of their employment

and/or agency.

28.     At all times relevant to this Complaint, Plaintiff was a business invitee of

Defendant Ross Dress For Less, Inc. and/or Defendant Ross Stores, Inc., at The Premises with

her son, daughter-in-law and grandson for the purpose of shopping for the merchandise for sale to the general public at The Premises.

29.     At all times relevant to this Complaint, Defendants, as the owners, possessors, operators and managers of The Premises upon which Plaintiff was injured by the malfunctioning doors as described above, owed Plaintiff a duty to use reasonable care to maintain The Premises safely, and to protect her against any and all unreasonable risks, which she, by exercising ordinary care, could not discover.

### COUNT I – NEGLIGENCE
### (Defendants Ross Dress For Less, Inc. and Ross Stores, Inc.)

30.     Plaintiff incorporates all preceding allegations of this Complaint as if set forth herein.

31.     At all times relevant to this case, Defendants Ross Dress For Less, Inc. and/or Ross Stores, Inc. occupied and/or leased The Premises, and operated a for profit retail discount department store known as Ross Dress For Less where Plaintiff was as a customer of said business.

32.     At all times relevant to this case, Defendants Ross Dress For Less, Inc. and/or Ross Stores, Inc. had right of control over The Premises.

33.     Based upon Defendants Ross Dress For Less, Inc.'s and/or Ross Stores, Inc.'s awareness of the facts described above regarding the malfunctioning and dangerous condition of the exit doors that shut forcefully against Plaintiff's body, pinning her between the two doors, as described above, Defendants Ross Dress For Less, Inc. and/or Ross Stores, Inc. knew, or by the exercise of reasonable care should have known, of said malfunctioning and dangerous exit doors' propensity to cause harm.

34.     As an entity with right of control of The Premises where its customers, including Plaintiff, were shopping, and entering and exiting The Premises as business invitees, as described above, Defendants Ross Dress For Less, Inc. and/or Ross Stores, Inc. had a duty to exercise reasonable care in keeping those areas of its property that customers such as Plaintiff might use in a safe condition, and to properly inspect, service, repair and maintain the doors at The Premises, including the subject doors that malfunctioned and injured Plaintiff as described above, so that the doors were operating in good, safe and proper working order at all times.

35.     Defendants Ross Dress For Less, Inc. and/or Ross Stores, Inc. had the additional duty to protect Plaintiff and other invitees from all unreasonable risks and unsafe and dangerous conditions it/they knew or should have known about, including the malfunctioning and dangerous exit doors described above.

36.     Defendants Ross Dress For Less, Inc. and/or Ross Stores, Inc. had actual or constructive notice of the unsafe and dangerous malfunctioning exit doors described above.

37.     Defendants Ross Dress For Less, Inc. and/or Ross Stores, Inc. breached these duties (1) by failing to properly inspect, service, repair and maintain the doors that malfunctioned and injured Plaintiff so that they were in good, safe and proper working condition at all times, (2) by failing to warn Plaintiff that the subject doors were malfunctioning, (3) by failing to warn Plaintiff she should not use the subject exit because the doors were not working properly, (4) by failing to warn Plaintiff that using the subject exit was a situation where it was reasonably expected that injury could occur, (5) by allowing Plaintiff and others on The Premises to use the exit where the malfunctioning doors exposed them to unnecessary dangers known to Defendants but unknown to customers, including Plaintiff, (6) by failing to shut the doors down, knowing they were malfunctioning, until they were properly inspected, serviced, repaired and maintained

~ 7 ~

and in good, safe and proper working condition at all times, (7) by failing to use reasonable care to correct known door defects or those door defects of which it/they should have known and discovered prior to the Plaintiff's injury, (8) by failing to repair or correct dangerous conditions of which it/they knew or should have known prior to the Plaintiff's injury, (9) by failing to warn Plaintiff and others of the aforementioned known door defects and/or dangerous conditions and/or those door defects and/or dangerous conditions of which it should have known and discovered prior to the Plaintiff's injury, (10) by recklessly and negligently failing to prevent said malfunctioning doors from harming Plaintiff, thereby disregarding the safety and wellbeing of Plaintiff and others, and (11) by failing to exercise the degree of care required under the circumstances.

38.     As a direct and proximate result of of Defendants Ross Dress For Less, Inc. and/or Ross Stores, Inc. failing to exercise reasonable care, failing to exercise the degree of care required under the circumstances, failing to warn, failing to prevent the harm caused by said malfunctioning and dangerous doors, failing to protect Plaintiff from said malfunctioning and dangerous doors, failing to keep the premises where Plaintiff was an invitee safe, and the other breaches as described above, causing the doors shutting forcefully against Plaintiff's body, pinning her between the two doors, as described above, Plaintiff sustained and suffered serious temporary and permanent injuries to her shoulders and her neck and has incurred substantial and legally compensable damages including temporary and permanent bodily injury, scarring, loss of use, reduced use and limitation, pain and suffering, inconvenience, loss of enjoyment of life, embarrassment, emotional anguish and distress, past and future costs of medical treatment and physical therapy, and past and future lost wages.

39.     All such injuries and damages were caused solely by the negligence of

Defendants, without any negligence on the part of Plaintiff or anyone else contributing thereto.

WHEREFORE, Plaintiff Audrey L. Sharpe demands judgment against Defendants Ross

Dress For Less, Inc. and/or Ross Stores, Inc., jointly and severally with all other Defendants, in

an amount that exceeds Seventy Five Thousand Dollars ($75,000.00) in compensatory damages,

plus interest and costs, and any other relief to which the Court finds she is entitled.

## COUNT II– NEGLIGENCE
**(Defendants VEREIT and/or Defendant CIM Group)**

40.     Plaintiff incorporates all preceding allegations of this Complaint as if set forth

herein.

41.     At all times relevant to this Complaint, upon information and belief, Defendant

VEREIT and/or Defendant CIM Group owned, possessed, maintained, operated and/or managed

The Premises, and leased The Premises to Defendants Ross Dress For Less, Inc. and/or Ross

Stores, Inc., who operated, with Defendants' knowledge, a for profit retail discount department

store known as Ross Dress For Less where Plaintiff was as a customer of said business.

42.     At all times relevant to this case, upon information and belief, Defendant VEREIT

and/or Defendant CIM Group had right of control over The Premises.

43.     Based upon Defendant VEREIT's and/or Defendant CIM's awareness, upon

information and belief, of the facts described above regarding the malfunctioning and dangerous

condition of the exit doors that shut forcefully against Plaintiff's body, as described above,

Defendant VEREIT and/or Defendant CIM Group knew, or by the exercise of reasonable care

should have known, of said malfunctioning and dangerous exit doors' propensity to cause harm.

44.     As an entity with right of control of The Premises where its lessee's customers,

including Plaintiff, were shopping, and entering and exiting The Premises as business invitees, as

described above, Defendant VEREIT and/or Defendant CIM Group had a duty to exercise reasonable care in keeping those areas of its property that customers such as Plaintiff might use in a safe condition, and to properly inspect, service, repair and maintain the doors at The Premises, including the subject doors that malfunctioned and injured Plaintiff as described above, so that the doors were operating in good, safe and proper working order at all times.

45.   Defendant VEREIT and/or Defendant CIM Group had the additional duty to protect Plaintiff and other invitees from all unreasonable risks and unsafe and dangerous conditions it/they knew or should have known about, including the malfunctioning and dangerous exit doors described above.

46.   Upon information and belief, Defendants Ross Dress For Less, Inc. and/or Ross Stores, Inc. had actual or constructive notice of the unsafe and dangerous malfunctioning exit doors described above.

47.   Defendant VEREIT and/or Defendant CIM Group, upon information and belief, breached these duties (1) by failing to properly inspect, service, repair and maintain the subject doors that malfunctioned and injured Plaintiff so that they were in good, safe and proper working condition at all times, (2) by failing to warn Plaintiff that the subject doors were malfunctioning, (3) by failing to warn Plaintiff she should not use the subject exit because the doors were not working properly, (4) by failing to warn Plaintiff that using the subject exit was a situation where it was reasonably expected that injury could occur, (5) by allowing Plaintiff and others on The Premises to use the exit where the malfunctioning doors exposed them to unnecessary dangers known to Defendants but unknown to customers, including Plaintiff, (6) by failing to shut the doors down, knowing they were malfunctioning, until they were properly inspected, serviced, repaired and maintained and in good, safe and proper working condition at all times, (7) by

failing to use reasonable care to correct known door defects or those door defects of which

it/they should have known and discovered prior to the Plaintiff's injury, (8) by failing to repair or

correct dangerous conditions of which it/they knew or should have known prior to the Plaintiff's

injury, (9) by failing to warn Plaintiff and others of the aforementioned known door defects

and/or dangerous conditions and/or those door defects and/or dangerous conditions of which it

should have known and discovered prior to the Plaintiff's injury, (10) by recklessly and

negligently failing to prevent said malfunctioning doors from harming Plaintiff, thereby

disregarding the safety and wellbeing of Plaintiff and others, and (11) by failing to exercise the

degree of care required under the circumstances.

48.     As a direct and proximate result of of Defendant VEREIT and/or Defendant CIM

Group failing to exercise reasonable care, failing to exercise the degree of care required under

the circumstances, failing to warn, failing to prevent the harm caused by said malfunctioning and

dangerous doors, failing to protect Plaintiff from said malfunctioning and dangerous doors,

failing to keep the premises where Plaintiff was an invitee safe, and the other breaches as

described above, causing the doors shutting forcefully against Plaintiff's body, pinning her

between the two doors, as described above, Plaintiff sustained and suffered serious temporary

and permanent injuries to her shoulders and her neck and has incurred substantial and legally

compensable damages including temporary and permanent bodily injury, scarring, loss of use,

reduced use and limitation, pain and suffering, inconvenience, loss of enjoyment of life,

embarrassment, emotional anguish and distress, past and future costs of medical treatment and

physical therapy, and past and future lost wages.

49.     All such injuries and damages were caused solely by the negligence of

Defendants, without any negligence on the part of Plaintiff or anyone else contributing thereto.

WHEREFORE, Plaintiff Audrey L. Sharpe demands judgment against Defendants VEREIT MT Salisbury MD, LLC and/or Defendant CIM Group, L.P., jointly and severally with all other Defendants, in an amount that exceeds Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs, and any other relief to which the Court finds she is entitled.

## DEMAND FOR JURY TRIAL

Plaintiff Audrey L. Sharpe respectfully demands that this action be tried before a jury.

Respectfully submitted,

/s/ *Timothy M. Gunning*
Timothy M. Gunning
CPF No: 9012180278
Wyatt & Gunning LLC
100 W. Pennsylvania Avenue, Suite 10
Towson, Maryland 21204
410-296-5960
Fax 410-296-3443
tgunning@wyattgunning.com

Attorneys for Plaintiff Audrey L. Sharpe

## CERTIFICATE OF COMPLIANCE WITH RULE 20-201(h)

I hereby certify, pursuant to Maryland Rule 20-201(h), that this submission does not contain "restricted information" as defined in Rule 20-101(r).

/s/ *Timothy M. Gunning*
Timothy M. Gunning

~ 12 ~